FILED - KZ
January 20, 2026 4:17 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems   Scanned by ES 1/21

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF MICHIGAN

1:26-cv-217
Jane M. Beckering
U.S. District Judge

## SOUTHERN DIVISION

Dionte Bowden,

Plaintiff,

v.

American axle,

Defendant.

Case No.: _____

(JURY TRIAL DEMANDED)

## COMPLAINT

Plaintiff, proceeding pro se, alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.
2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.
3. Venue is proper in this district because the events giving rise to this action occurred within the Western District of Michigan, and Defendant conducts business in this district.

## II. PARTIES

4. Plaintiff Dionte Bowden is an individual who was employed by Defendant until his termination.
5. Defendant American axle is an employer within the meaning of Title VII.

## III. FACTUAL ALLEGATIONS

### Employment and Complaints

6. Plaintiff was employed by Defendant and performed his job duties satisfactorily.
7. During his employment, Plaintiff was subjected to harassment, unfair treatment, and selective enforcement of workplace rules by supervisors.
8. Plaintiff complained to Human Resources and to his labor union about this treatment, including harassment and discriminatory conduct by supervisors.
9. Plaintiff's complaints constitute protected activity under Title VII.
10. Defendant, including Plaintiff's supervisors and Human Resources personnel, was aware of Plaintiff's complaints.

### Retaliatory Discipline and Pretext

11. After Plaintiff engaged in protected activity, Defendant subjected him to escalating discipline and scrutiny.
12. Defendant alleged attendance and overtime violations against Plaintiff.
13. Human Resources later removed this discipline in writing, confirming that Plaintiff had complied with applicable attendance and overtime requirements.
14. Plaintiff's union grievance succeeded, further confirming that the discipline was improper.
15. Despite this, Defendant later reversed course and relied on the same or similar allegations to justify terminating Plaintiff.

16. Defendant's stated reasons for termination were contradicted by its own records and were pre-textual.

## Bereavement Leave and Funeral Incident

17. During this same period, Plaintiff's father passed away.
18. Defendant granted Plaintiff five bereavement days. Human Resources completed the bereavement documentation on Plaintiff's behalf, as the funeral date was unknown at that time.
19. After Plaintiff returned to work following the bereavement days, Plaintiff provided Human Resources and his supervisor with the obituary showing that the funeral would take place on the upcoming Friday.
20. Human Resources and Plaintiff's supervisor approved Plaintiff's absence for the funeral.
21. Despite this approval, Defendant later attempted to discipline and terminate Plaintiff by claiming that Plaintiff had used all bereavement days and did not have a bereavement day available for the funeral.
22. At no time did Human Resources advise Plaintiff that he was required to reserve or designate a bereavement day for a funeral date that was unknown when the bereavement paperwork was completed.
23. Defendant attempted to use Plaintiff's attendance at his father's funeral as a basis for termination.
24. Defendant's actions during Plaintiff's bereavement were inconsistent, unreasonable, and caused severe emotional distress.

## Termination and Resulting Harm

25. Defendant ultimately terminated Plaintiff's employment.
26. Plaintiff was terminated shortly after engaging in protected activity and after Defendant reversed its own disciplinary decisions.
27. As a direct result of the termination:

- Plaintiff lost his income
- Plaintiff lost his apartment and housing
- Plaintiff was forced to relocate to another city
- Plaintiff suffered significant financial hardship and emotional distress

28. Defendant's actions were causally connected to Plaintiff's protected activity and were motivated by retaliation and unlawful discrimination.

## IV. CLAIMS FOR RELIEF

### COUNT I – RETALIATION

(Title VII, 42 U.S.C. § 2000e-3)

29. Plaintiff engaged in protected activity by complaining to Human Resources and his union about harassment and discrimination.
30. Defendant knew of Plaintiff's protected activity.
31. Defendant subjected Plaintiff to adverse employment actions, including discipline and termination.
32. The adverse actions occurred shortly after Plaintiff's protected activity.
33. Defendant's stated reasons for termination were false and pre textual.
34. Defendant retaliated against Plaintiff in violation of Title VII.

### COUNT II – DISCRIMINATION

(Title VII – Race Discrimination)

35. Defendant subjected Plaintiff to unequal treatment and selective enforcement of workplace rules.
36. Plaintiff was treated less favorably than similarly situated employees.
37. Defendant's actions were motivated, at least in part, by unlawful discrimination.

## V. DAMAGES

38. As a result of Defendant's unlawful conduct, Plaintiff suffered:

- Lost wages and employment benefits
- Emotional distress and mental anguish
- Loss of housing

- Relocation expenses
- Other compensatory damages

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

a. Enter judgment in Plaintiff's favor;

b. Award back pay and front pay;

c. Award compensatory damages;

d. Award costs and attorney's fees if counsel is obtained;

e. Grant such other relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dionte Bowden

Plaintiff, Pro Se

1030 cooper ave

Kalamazoo, mi 49048

Dionte Bowden

Moed1269@icloud.com

Date: 1-20-2026

*Dionte Bowden*
Dionte Bowden
1-20-26